IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIAYSIA BLAYLOCK, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:20-CV-3264-D |
| VS. § | |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, the question whether the court has subject matter jurisdiction turns on whether plaintiff has complied with the FTCA's "sum certain" requirement. Concluding that she has not, the court dismisses this lawsuit without prejudice by judgment filed today.

I

On April 1, 2019 plaintiff Jiaysia Blaylock ("Blaylock") was involved in an automobile accident with a government-owned vehicle driven by an Army National Guard employee who was acting within the scope of his employment.[1] She now sues defendant United States of America (the "government") under the FTCA for various injuries and other damages that she alleges she suffered as a result of the accident.

On April 24, 2019 Blaylock filed an administrative tort claim with the General

---

[1] Blaylock originally sued the employee in her complaint. After the government substituted itself for the employee pursuant to a Westfall Act certification, the court granted the government's unopposed motion to remove the employee as a defendant.

Services Administration Fleet Division ("GSA"). This claim indicated that the amount of her alleged damages was "unknown." D. App. 5.

Blaylock supplemented her claim in July 2019 by emailing GSA an affidavit that provided additional details about the accident. The affidavit indicated that Blaylock had suffered injuries in the accident and was seeking medical treatment, but it did not quantify the damages sought.

GSA transferred Blaylock's administrative claim to the Army—the federal agency whose activities gave rise to the claim.[2] According to Blaylock, neither GSA nor the Army informed her of the transfer.

Blaylock asserts that she further supplemented her claim in June 2020 by emailing GSA a liability demand that included medical records, bills, and a monetary damages claim. According to the government, Blaylock did not email her liability demand to a valid GSA email address and therefore GSA did not receive it.

Blaylock filed this lawsuit in October 2020. In January 2021 the Army denied Blaylock's administrative claim. The government now moves under Fed. R. Civ. P. 12(b)(1) to dismiss Blaylock's action for lack of subject matter jurisdiction. It maintains that the lawsuit is barred by sovereign immunity because Blaylock failed to present a sum certain before she filed suit. Blaylock opposes the motion.

---

[2]The date of the transfer is unclear. The government does not provide a date in its brief, and Blaylock maintains that the government has not informed her of the date.

II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). If subject matter jurisdiction is lacking, the court must dismiss the suit. *See Stockman*, 138 F.3d at 151.

A party can challenge subject matter jurisdiction by making a facial attack or a factual attack. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981). A party can make a factual attack on subject matter jurisdiction by submitting evidence, such as affidavits or testimony. *See id.*; *IBEW-NECA Sw. Health & Benefit Fund v. Winstel*, 2006 WL 954010, at *1 (N.D. Tex. Apr. 12, 2006) (Fitzwater, J.) (citing *id.*). If the movant provides evidence factually attacking subject matter jurisdiction, the nonmovant must submit evidence and prove by a preponderance of the evidence that the court has jurisdiction. *See Paterson*, 644 F.2d at 523.

Here, the government mounts a factual attack, based on affidavits and other documents, asserting that the court lacks subject matter jurisdiction due to Blaylock's failure to present a sum certain before filing suit. Blaylock must therefore show by a preponderance of the evidence that the court has subject matter jurisdiction.

III

A

The government contends that the court must dismiss this suit for lack of subject matter jurisdiction because Blaylock's action is barred by sovereign immunity. According to the government, Blaylock has failed to exhaust her administrative remedies, a prerequisite to the government's waiver of sovereign immunity under the FTCA. The government maintains that Blaylock failed to exhaust her administrative remedies because she did not present a sum certain to the GSA or the Army.

Blaylock responds that she satisfied the sum certain requirement in her June 2020 liability demand, which included her medical records, bills, and the monetary value of her damages. Alternatively, Blaylock maintains that the court should dismiss her lawsuit without prejudice if it grants the government's motion.

The government counters that Blaylock's liability demand does not satisfy the sum certain requirement because GSA never received it. According to the government, it is not enough that a sum certain was *sent* to an administrative agency; it must be *received* by the agency. In support of its assertion that GSA did not receive Blaylock's liability demand, the government presents the affidavits of two GSA employees who aver that Blaylock did not email the liability demand to a valid GSA email address.

B

"Under the doctrine of sovereign immunity, [Blaylock] cannot sue the government without its permission." *Maibie v. United States*, 2008 WL 4488982, at *3 (N.D. Tex. Oct.

- 4 -

7, 2008) (Fitzwater, C.J.) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "Absent such consent, any suit brought against the United States must be dismissed for lack of subject matter jurisdiction." *Id.* (citing *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994)). "Waivers of sovereign immunity should be strictly construed, and all ambiguities should be resolved in favor of the sovereign." *Id.* (citing *U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992)).

"The FTCA grants a limited waiver of sovereign immunity for tort suits brought against the United States or its agencies." *Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014) (per curiam) (citing 28 U.S.C. §§ 2674, 2679(a)). As a prerequisite to the government's waiving its sovereign immunity under the FTCA, the plaintiff's "claim must be presented to the appropriate federal agency and be finally denied by the agency in writing." *Id.* (citing 28 U.S.C. § 2675(a)).[3] A plaintiff satisfies § 2675(a)'s presentment requirement "when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim." *Id.* (quoting *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1442, *amended on other grounds*, 905 F.2d 61 (5th Cir. 1990)).

The requirement that the plaintiff place a value on her claim is known as the "sum

---

[3]Blaylock filed this lawsuit before the Army denied her administrative claim. "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). But because the court concludes that dismissal is proper on other grounds, it need not consider whether Blaylock satisfied the final-agency-denial requirement before filing suit.

- 5 -

certain" requirement. *See Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988) (stating that an action under the FTCA is barred unless the appropriate agency receives, *inter alia*, "a monetary claim in a sum-certain"); *see also Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984) ("[P]resentation of a claim including 'a sum certain' is a jurisdictional requirement, absent compliance with which the courts have no jurisdiction to entertain the suit under the [FTCA]."). The justification for the sum certain requirement "is that it furthers statutory goals of settlement determinations and efficient processing of claims by agencies." *Martinez*, 728 F.2d at 697.

C

The court therefore turns to the question whether Blaylock has satisfied the sum certain requirement. Because Blaylock concedes that the original claim that she filed with GSA did not include a sum certain, the dispositive issue is whether her June 2020 liability demand satisfies the sum certain requirement. The court concludes that it does not because she has not proved by a preponderance of the evidence that the government received it. *See Patterson*, 644 F.2d at 523 (holding that the nonmovant in a factual attack must prove by a preponderance of the evidence that the court has subject matter jurisdiction).

"[E]vidence of mailing" does not satisfy the presentment requirement because "[a] claim is not presented until received." *Bailes v. United States*, 988 F.2d 1209, at *1 (5th Cir. 1993) (per curiam) (unpublished).[4] Although the plaintiff in *Bailes* presented evidence that

---

[4]Under 5th Cir. R. 47.5.3, "[u]npublished opinions issued before January 1, 1996, are precedent."

- 6 -

his "claim had been mailed," he failed to refute the government's affidavits that it had not received his claim. *Id.* The Fifth Circuit therefore concluded that summary judgment against the plaintiff was proper because he had not satisfied his burden of proving presentment. *Id.*

Similarly, evidence that a plaintiff mailed his claim to a government agency has been held not to satisfy the burden of proving presentment, and to warrant dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, where the government presented declarations that it had not received the claim. *See Barber v. United States*, 642 Fed. Appx. 411, 414 (5th Cir. 2016) (per curiam) (citing *id.*).

In the instant case, Blaylock has presented evidence that she *sent* a liability demand that included a sum certain, but she has not refuted the government's affidavits that GSA did not *receive* her liability demand because she did not send it to a valid GSA email address. Blaylock has therefore failed to meet her burden of proving that the she presented a sum certain to the appropriate administrative agency before filing suit. *See, e.g., id.* Because the government's waiver of sovereign immunity under the FTCA is contingent on the plaintiff's first presenting a sum certain to the appropriate administrative agency, this court lacks subject matter jurisdiction over Blaylock's action. *See Montoya*, 841 F.2d at 104; *Martinez*, 728 F.2d at 697. The court therefore grants the government's Rule 12(b)(1) motion to dismiss Blaylock's action.

D

The court next considers whether to dismiss Blaylock's suit with or without prejudice. When a district court lacks jurisdiction over a plaintiff's action under the FTCA, it is

"without authority to dismiss the claims with prejudice because '[a] dismissal with prejudice is a final judgment on the merits' of a case." *Campos v. United States*, 888 F.3d 724, 738 (5th Cir. 2018) (alteration in original) (quoting *Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 362 (5th Cir. 2003)) (dismissing FTCA claim without prejudice for lack of subject matter jurisdiction after holding that sovereign immunity had not been waived); *see also Nevarez Law Firm, P.C. v. Dona Ana Title Co.*, 708 Fed. Appx. 186, 187 (5th Cir. 2018) (per curiam) ("[T]o dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it." (citation omitted)). Accordingly, the court concludes that Blaylock's action should be dismissed without prejudice.[5] Subject to Blaylock's complying with the applicable statute of limitations, this dismissal does not preclude her from filing another lawsuit based on the April 1, 2019 accident.[6]

---

[5]This court has previously held that when "the bar of sovereign immunity is absolute"—i.e., the jurisdictional defect cannot be corrected—"[d]ismissal with prejudice is proper." *Maibie*, 2008 WL 4488982, at *3-4 (citing *Henry v. United States*, 2006 WL 3780878, at *5 n.2 (N.D. Tex. Dec. 26, 2006) (Fitzwater, J.)). But the government does not assert that sovereign immunity is an absolute bar to Blaylock's claim, nor does it oppose Blaylock's request that the court dismiss this action without prejudice.

[6]Blaylock is not precluded from bringing another suit, provided she complies with the FTCA, including its requirements for presenting her claim and filing suit.

\* \* \*

For the reasons explained, the court dismisses this action without prejudice by final judgment filed today.

**SO ORDERED**.

March 25, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 9 -